IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROL BILLIE OSHANA, on behalf of herself and all others similarly situated, ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | No. 05 C 1567 |
| PEPSICO, INC., a North Carolina corporation, ) ) ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On November 9, 2004, we remanded this case. Although nothing new has happened in this litigation, defendant has removed it again. And again plaintiff has moved to remand. And again we remand.

The basis for the second removal is what has been going on in another case, with the same plaintiff and plaintiff's counsel, <u>Oshana v. The Coca-Cola Company</u>, 04 C 3596. Judge Conlon had, well before November 9, 2004, denied a motion to remand, concluding that plaintiffs (the same second plaintiff in both cases has withdrawn and Oshana is now the sole putative class representative in both cases) could be seeking disgorgement of all profits if class status was denied. In January 2005, Judge Conlon denied class certification, and she subsequently denied a motion for reconsideration.

Defendant focuses on the motion for reconsideration, viewing it as a reversal of plaintiff's position that she was not seeking all the profits. Thus, it argues, it is clear that plaintiff will change her position here as well.

We disagree. Plaintiff in 04 C 3596 used the defendant's position that she sought it all as a reason why there should be a class – all should share, not just one person. That is a position she arguably advanced in earlier pleadings, thus causing defendant to miss the 30-day window if it was aware of the filings. But we need not address that. It is enough to note that the two cases are factually similar but have very different litigation histories.

We also award to plaintiff her fees and expenses incurred with respect to this motion to remand. Plaintiff should submit her calculation to defendant within 10 days, and this court will retain collateral jurisdiction to rule on any disputes over the amount. We do not conclude that defendant removed the case in bad faith. The litigation strategy occasioned by the denial of class certification could reasonably cause some concern. Bad faith may make an award of costs and expenses mandatory, but its absence does not preclude an award. 28 U.S.C. §1447 is a fee-shifting statute and plaintiff is presumptively entitled to an award if removal was improper. Sirotzky v. New York Stock Exchange, 347 F.3d 985 (7th Cir. 2003). She is entitled here.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 12, 2005.